### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PEDRO NAHUM CIBRIAN MATUTE,    :
                                         :

             *Petitioner,*    :

    v.    :    2:25-cv-07093

                                          :

J.L. JAMISON, *et. al,*    :

                                          :

           *Respondents.*    :

### ORDER

AND NOW, this 23rd day of January 2026, upon consideration of the parties' Joint Status Report (Dkt. 11), and the supplemental information received from the parties at the January 23 Status Conference, it is hereby ORDERED that Petitioner's Writ of Habeas Corpus (Dkt. 1) is GRANTED as follows:

1. The Government shall RELEASE Pedro Nahum Cibrian Matute ("Petitioner") from custody forthwith and certify compliance with this Court's Order by way of docket entry, no later than Monday, January 26, 2026;

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2);

1

4. Following his release from custody the Government is temporarily enjoined from re-detaining Petitioner for 7 days under 8 U.S.C. § 1226(a);

5. If the Government chooses to re-detain Petitioner under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal may assess whether he is a flight risk or if he poses a danger to the community;

6. In the event of re-detention and a proper bond hearing, the Government SHALL NOT remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania for prolonged/permanent detention, except as temporarily needed to facilitate the bond hearing and/or removal proceedings;

7. If, after a bond hearing, it is determined that Petitioner is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Petitioner if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination;

8. Any future bond hearing SHALL NOT consider the application of the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), to Petitioner's 2009 shoplifting arrest.

2

Upon the Petitioner's release, this matter will be administratively closed; however, the Petitioner may move to reopen the case upon any violation of this Order. An opinion explaining this Court's reasoning will follow.[1]

BY THE COURT:



GAIL A. WEILHEIMER,   J.

---

[1]    Petitioner filed a Writ of Habeas Corpus on December 16, 2025. This Court issued a Rule to Show Cause on December 23, 2025, ordering Respondents to show cause with Petitioner's Writ should not be granted. After the parties' responses to this Court's Order, the Court ordered a bond hearing. At the bond hearing, the Immigration Judge (IJ) represented that they lacked jurisdiction to grant Petitioner bond due to his May 2009 shoplifting arrest, citing the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E). Based on the Government's own representations, the text of the act, and precedent, the Laken Riley Act is not retroactive to prior arrests and thus was incorrectly applied by the IJ. Additionally, for the reasons articulated in *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlesone, C.J.), *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.), and *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.), this Court believes immediate release is necessary to ensure the appropriate habeas remedy in this matter.